UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| EDWARD L. AREND, | **No. 17-CV-6018** |
| --- | --- |
| Movant, | **No. 03-CR-6036** |
| -vs- | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

## I. INTRODUCTION

Movant Edward Arend ("Arend"), who is currently serving a five year term of supervised release, requests the Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. Arend pled guilty to being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) on June 18, 2004, which carried a maximum prison sentence of 120 months and a maximum term of supervised release of three years. In the plea agreement, Arend and the Government agreed that Arend would be sentenced to 120 months imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties further agreed that, pursuant to Section 5K2.21 of the United States Sentencing Guidelines, the Government would not pursue sentencing under 18 U.S.C. § 924 (the Armed Career Criminal Act or "ACCA").

The presentence investigation report ("PSR") for Arend determined that he had nine prior violent felony convictions and was therefore an armed career criminal subject to the enhanced sentencing provisions set forth in 18 U.S.C. § 924(e)(2). The PSR concluded that Arend was subject to a prison term of not less than

15 years and up to life, and a term of supervised release of up to five years.

On September 9, 2004, the undersigned accepted the parties' Rule 11(c)(1)(C) agreement and sentenced Arend to 120 months imprisonment. With respect to supervised release, the Court accepted the PSR's determination that Arend was an armed career criminal, and sentenced Arend to a five year term of supervised release.

Arend has served his 120 month term of imprisonment. He asks that he be re-sentenced to reduce his term of supervised release from five years to three years. Arend specifically argues that his prior convictions for New York State Burglary in the Second and Third Degrees no longer constitute violent felonies under the ACCA pursuant to the Supreme Court's decision *United States v. Johnson*, 135 S.Ct. 2551 (2015) (hereinafter, "*Johnson*"). Arend concedes that his petition is untimely, having been filed more than one year after *Johnson* was decided, but argues that the Court should excuse his delay because he is "actually innocent" of being an armed career criminal. The Government opposes the petition, arguing both that it is procedurally barred and that Arend's claims do not fall within the purview of *Johnson*, but instead involve unrelated issues of statutory interpretation.

For the reasons stated below, the Court denies Arend's motion to correct his sentence as time-barred.

## II. **DISCUSSION**

Pursuant to 28 U.S.C. 255(f)(3), Arend was required to file the instant motion within one year of the Supreme Court decision recognizing the right asserted (*i.e.* within one year of the *Johnson* decision). Arend acknowledges that "[t]he Supreme Court decided *Johnson* on June 26, 2016, and [he] did not file his claim within one year of that date." Docket No. 86 at 14. Arend nevertheless argues that the Court should decide his motion on the merits, because he claims to be "actually innocent" of being an armed career criminal. The Government argues in opposition that Arend's procedural default should not be excused because he does not claim to be innocent of the underlying burglary convictions.

A petitioner may avoid a procedural default "by showing cause for the default and prejudice, or that failure to consider the claim will result in miscarriage of justice, *i.e.*, the petitioner is actually innocent." *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003). The Second Circuit has held that the fundamental miscarriage of justice exception may apply to sentencing enhancements. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 171 (2d Cir. 2000). To demonstrate actual innocence in this context, it is the petitioner's burden to show "by clear and convincing evidence . . . that he is actually innocent of the act on which his harsher sentence was based." *Id*. "[T]he actual innocence inquiry will focus on the reliability of those facts that make defendant eligible for a harsher sentence. .

3

. ." *Id*. "The Supreme Court has explained that the fundamental miscarriage of justice exception is 'extremely rare' and should be applied only in 'the extraordinary cases.'" *Sweet*, 353 F.3d at 141 (quoting *Schlup v. Delo*, 513 U.S. 298, 321-22(1995)).

In this case, Arend does not challenge the fact of his underlying convictions. Instead, he argues that he is actually innocent of being an armed career criminal because, under *Johnson*, his prior convictions do not constitute ACCA predicates.

Neither the Supreme Court nor the Second Circuit have ruled on whether the fundamental miscarriage of justice exception applies to the legal applicability of an ACCA sentencing enhancement, as opposed to a challenge of the underlying facts. *See Rivera v. United States*, 716 F.3d 685, 687 (2d Cir. 2013) (acknowledging that "whether [a petitioner] could be deemed 'actually innocent' of [an] ACCA sentencing enhancement is unclear"). However, the Fourth and Tenth Circuits have both held that a claim that "prior convictions should not be counted under the ACCA . . . does not fit within the exception for actual innocence." *United States v. Nazareta*, No. 16-8071, 2017 WL 127545, at *1 (10th Cir. Jan. 13, 2017) (finding § 2255 motion untimely); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (the legal argument that a conviction should not have been classified as a violent felony under the ACCA "is not cognizable as a claim of actual innocence"). At least one district court in this Circuit has reached the same conclusion. *See Jones v. United States*, 2015 WL

4

3620280, at *2 (D. Conn. June 9, 2015) (argument that an ACCA enhancement was made in error is a "technical argument" that "does not constitute a claim of 'actual innocence'").

Moreover, in *Pointdexter v. Nash*, 333 F.3d 372 (2d Cir. 2003), the Second Circuit held that fundamental miscarriage of justice exception does not apply to a claim that an offense did not qualify as a "crime of violence" under the Sentencing Guidelines. *Id*. at 381-82. The *Pointdexter* court explained that there is a distinction between "actual innocence" and "legal innocence," and that the fundamental miscarriage of justice exception is concerned solely with the former. *Id*. at 381; *see also Darby v. United States,* 508 F. App'x 69, 71 (2d Cir. 2013) (holding that the "essentially legal argument that [petitioner] is innocent of the sentencing enhancement because the district court misclassified his predicate offenses under the Guidelines . . . is insufficient to trigger the actual innocence exception").

In accord with the above cases, this Court finds that a claim that underlying convictions were improperly classified as violent felonies is a legal argument that is insufficient to establish actual innocence. As the Second Circuit explained in *Spence,* the inquiry is "whether, by clear and convincing evidence, defendant has shown that he is actually innocent of <u>the act</u> on which his harsher sentence was based." 219 F.3d at 172 (emphasis added). Here, Arend makes no claim that his underlying convictions were invalid or that he is otherwise factually innocent with respect to the conduct that affected his sentencing. Under these

5

circumstances, the Court cannot conclude that his sentence was so fundamentally unjust as to merit avoidance of the statutorily mandated limitations period.

The Court's determination is also guided by the fact that accepting Arend's argument would, in effect, eliminate the statute of limitations for any claim based on *Johnson*. In other words, under Arend's theory, a meritorious claim under *Johnson* would be sufficient, in and of itself, to demonstrate actual innocence. Such a conclusion would ignore the Supreme Court's clear admonition that the fundamental miscarriage of justice exception is "extremely rare" and should be applied only in "the extraordinary cases." *Schlup*, 513 U.S. at 321-22.

Arend has conceded that his motion is untimely. He has also, for the reasons set forth above, failed to demonstrate that his procedural default should be excused. As a result, his motion must be denied.

## III. Conclusion

It is hereby

**ORDERED** that Arend's Motion to Correct Sentence under 28 U.S.C. § 2255 (Docket No. 77) is denied. The Clerk of the Court is instructed to close related civil case number 17-cv-6018.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      S/ Michael A. Telesca
                                      MICHAEL A. TELESCA
                                      United States District Judge

Dated:    May 22, 2017
           Rochester, New York